IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARIUS BARRETT, | § | |
| | § | No. 427, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1502014659A |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 1, 2017
Decided: March 2, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## **O R D E R**

(1)    There are three issues on this appeal.  The first is whether there was sufficient evidence linking Darius Barrett to a .22 caliber rifle to support his conviction for Possession of a Firearm During the Commission of a Felony and Carrying a Concealed Deadly Weapon.  Barrett was arrested after the minivan he was the only passenger in was pulled over for running a red light and Wilmington Police Department Detective Antonio Tiberi and Officer Kate Sweeney smelled marijuana.  Searches of Barrett and Akeem Coston—the driver—revealed a number of bags of marijuana and heroin.  A search of the minivan revealed one item—a black backpack in the middle of the floor behind the first row of the

minivan's seats. The backpack contained a .22 caliber Mossberg rifle, thirteen rounds of ammunition in a magazine, 46 rounds of loose ammunition, and two boxes of .22 caliber ammunition. Barrett challenged the sufficiency of the evidence linking him to the rifle both during trial and in a post-trial Motion for Judgment of Acquittal. For the reasons cited by the Superior Court in its Order denying the motion of July 25, 2016, a rational factfinder could have concluded that Barrett had knowing possession of the rifle for the purposes of the Possession of a Firearm During the Commission of a Felony charge and had the rifle "upon or about" his person for the purpose of the Carrying a Concealed Deadly Weapon charge.[1]

(2)    The second issue is if the Superior Court erred in its jury instruction on the Possession of a Firearm During the Commission of a Felony charge. Barrett argues for the first time on appeal that the jury instruction should have included a discussion of intent. Because the argument was not raised before the Superior Court we review for plain error,[2] there was no plain error, and, regardless, the Superior Court correctly instructed the jury in the elements of the charge.

(3)    The third issue is if the Superior Court abused its discretion when it admitted text messages from Barrett's phone related to earlier drug deals from a

---

[1] *State v. Barrett, Coston*, I.D. No. 1502014659 & 1502014656 (Del. Super. July 25, 2016) (ORDER).
[2] Supr. Ct. R. 8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

twenty-eight day period before his arrest under D.R.E. 404(b) for the purpose of showing an intent or plan to deal drugs on Barrett's part. The Superior Court conducted a careful analysis of the admissibility and provided appropriate limiting instructions to the jury and thus did not abuse its discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

3